## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

**LARRY KLAYMAN,**

                    Plaintiff,

    v.

**JUDICIAL WATCH, INC.,**

            Defendant.

Civil Action No. 1:15-cv-00214

## MOTION FOR REMAND

Pursuant to 28 U.S. Code § 1447(c), Plaintiff Larry Klayman ("Plaintiff") hereby

respectfully moves this Court as of right to remand this lawsuit back to the Superior Court of the

District of Columbia ("Superior Court").

## INTRODUCTION

This lawsuit arises out of the willful, malicious, and defamatory statements made by

Defendant Judicial Watch ("Defendant") against Plaintiff.  Plaintiff founded and was formerly

employed by Defendant until Plaintiff voluntarily left to run for the U.S. Senate seat for the state

of Florida.[1]  At the time of Plaintiff's departure, the parties entered into a Severance Agreement

that would govern their future relationship. *See* Exhibit 1 – Severance Agreement.  Included

within this Severance Agreement was a clause preventing Defendants from making "disparaging,

defamatory or negative remarks or comments" about Plaintiff. *Id*. at p. 9.  Defendant materially

---

[1] Despite the false claims made by Defendant in this case and in other cases, the U.S. Court of Appeals for the Eleventh Circuit has recently confirmed that Plaintiff is a citizen of the state of Florida.  *See Klayman v. Judicial Watch*, No. 14-13855 (11th Cir. January 29, 2015)(Exhibit 2).

and egregiously violated the Severance Agreement on or about February 22, 2012, when it published that Plaintiff had been convicted of a crime for not paying child support and stating that "donors should know" about the conviction. On June 10, 2014, Defendant was found liable for the defamatory statements after a jury trial was held in the U.S. District Court for the Southern District of Florida.[2] *See* Exhibit 3 – Final Judgment. The jury found malicious defamation by clear and convincing evidence and thus awarded Plaintiff punitive damages. Having been found by a court of law to have materially defamed Plaintiff, Defendants are in clear violation of the parties' Severance Agreement.  Plaintiff filed suit in the appropriate forum, the Superior Court on January 13, 2015.

Defendant has now sought to improperly remove this lawsuit to this Court, the U.S. District Court for the District of Columbia ("District Court").  As discussed below, removal to District Court was improper as the threshold for diversity jurisdiction, citizens of different states and a controversy in access of $75,000, was not met. **Importantly, removal is also frivolous under 28 U.S.C. § 1441 (b)(2) as Defendant is a citizen of the forum state, the District of Columbia.** Further, Defendant waived its right to remove to District Court by consenting to venue in *any* court within the District of Columbia pursuant to the Severance Agreement. Plaintiff has a right to choose the proper forum and as such this lawsuit should have remained in the Superior Court, especially given the fact that Defendant has now improperly removed this case to District Court.  Finally, this Court should respectfully award attorney's fees and costs to Plaintiff for having to file this motion as sanctioned by 28 U.S.C. § 1447(c).

---

[2] *Klayman v. Judicial Watch*, No. 13-20610(S.D.F.L. June 11, 2014)

## THE LAW

Federal courts exercise limited subject-matter jurisdiction.  A case must be remanded "[i]f at any time before final judgment it appears that the District Court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *see J.S.R. ex rel. Rojas Polanco v. Washington Hosp. Ctr. Corp.*, 667 F. Supp. 2d 83, 85 (D.D.C. 2009). The law presumes that "a cause lies outside [the court's] limited jurisdiction" (*Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377(1994)), particularly when a case is removed from a state court (*see, e.g.*, *Williams v. Howard Univ.*, 984 F. Supp. 27, 29 (D.D.C. 1997)). "The court must resolve any ambiguities concerning the propriety of removal in favor of remand." *US Airways Master Exec., Council, Air Line Pilots Assoc., Int'l v. Am. W. Master Exec., Council, Air Line Pilots Assoc., Int'l*, 525 F. Supp. 2d 127, 132 (D.D.C. 2007).

The removal statutes are strictly interpreted in favor of state court jurisdiction. *See Russell Corp. v. American Home Assurance Co., 264* F.3d 1040, 1050 (11th Cir. 2001) ("There are several . . . bright line limitations on federal removal jurisdiction . . . that some might regard as arbitrary and unfair. Such limitations, however, are an inevitable feature of a court system of limited jurisdiction that strictly construes the right to remove.").

A. This Lawsuit Does Not Meet the Threshold for Diversity

For a federal court to have diversity jurisdiction 28 U.S.C. § 1332(a) requires that the parties be citizens of different states and for the amount in controversy exceeding $75,000. Without these requirements this Court lacks subject-matter jurisdiction.  Here, diversity does not exist because Plaintiff is seeking equitable relief: the rescission of a contract and not damages of any kind.  It is settled, black-letter law that rescission of a contract is equitable relief. *See, e.g., Solin v. Domino*, 501 Fed. Appx. 19, 22 (2d Cir. 2012) (Plaintiff sought "equitable relief,

specifically, rescission and reformation based on negligent misrepresentation, unilateral mistake, and mutual mistake"); *Palace Exploration Co. v. Petroleum Dev. Co.*, 316 F.3d 1110, 1116 (10th Cir. 2003) (Plaintiff "asserted only equitable claims for rescission, based on fraud in the inducement and failure of consideration.").

Plaintiff has not sought any monetary damages, nor requested any sort of legal remedy. Rescission is the only relief being sought in this action, and as such the threshold amount of $75,000 has not been met.  For this reason alone this Court should respectfully rule that it does not have subject-matter jurisdiction to hear this lawsuit and remand this case back to the Superior Court.

B.  Removal is Improper under the Forum Defendant Rule, 28 U.S.C. § 1441 (b)(2)

Of paramount importance, removal here is also improper and frivolous under the "forum defendant rule," 28 U.S.C. § 1441 (b)(2).  Under 28 U.S.C. § 1441 (b)(2), "[a] civil action otherwise removable solely on the basis of ... [diversity of  citizenship jurisdiction] may not be removed if any of the parties in interest properly joined and  served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441 (b)(2).

As the U.S. Supreme Court held,"[w]hen federal-court jurisdiction is predicated on the parties' diversity of citizenship, see § 1332, removal is permissible "**only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action [was] brought**." § 1441(b).  *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 83-84 (2005)(emphasis added). Diversity jurisdiction is rooted in the historical concept that "out-of-state defendants feared that local courts would be biased against them, and a federal forum was viewed as a solution to the possible bias." The need for such protection [from local bias] is absent, however, in cases where the defendant is a citizen of the state in which the case is brought." *Allen v. GlaxoSmithKline PLC*, No. 07-5045, 2008 WL 2247067, at *4 (E.D. Pa.

May 30, 2008) (quoting *Lively v. Wild Oats Mkts., Inc* .. 456 F.3d 933,939 (9th Cir. 2006) (internal citation omitted).

Under 28 U.S.C. § 1332(c)(1),  a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business..." 28 U.S.C. § 1332(c)(1). Here, Defendant Judicial Watch admits it is a citizen of the District of Columbia. Defendant admits that it is both "a corporation organized and existing under the laws of the District of Columbia" and that is has "its principal place of business in the District of Columbia." *See* Notice of Removal at p. 3.  Since Defendant is a citizen of the District of Columbia, it is subject to the "forum defendant rule" under 28 U.S.C. § 1441(b)(2) and it may not remove this case from the Superior Court.

Thus, removal of this action was clearly improper and frivolous under 28 U.S.C. § 1441(b)(2) and this case must respectfully be summarily remanded to the Superior Court.

C. <u>Defendant Consented to Jurisdiction In the Superior Court</u>

Defendant has consented to jurisdiction in the Superior Court. Plaintiff founded and was previously employed by Defendant, and upon leaving employment with Defendant, the parties entered into a Severance Agreement wherein they agreed: "[t]he Parties consent to the jurisdiction and venue of any state or federal court located within the District of Columbia in any action or judicial proceeding brought to enforce, construe or interpret this Agreement or otherwise arising out of or relating to Klayman's employment." *See* Exhibit 1 – Severance Agreement at p. 11.

Since Defendant has already consented to jurisdiction in *any* District of Columbia Court, it must now be precluded from any claims that the Superior Court is not a proper venue to hear this matter.

D.  Plaintiff Determines Forum

There is a strong presumption in favor of the plaintiff's choice of forum. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) (plaintiff's choice should "rarely be disturbed").  Plaintiff filed this case within the proper forum, the Superior Court, and as such deference should be given to Plaintiff's selection of the forum. *See, e.g.*, *Doe v. Allied-Signal Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) ("Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum."); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim. Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing ...." (internal citations omitted)).

Since Plaintiff chose the Superior Court, and since there are no reasons why Defendant should remove this case to District Court, this Court should respectfully rule that Plaintiff choice of forum was proper and remand this case to the Superior Court.

E.  This Case Is Not Related to Any Previous Action

In its Notice of Removal, Defendant makes the claim that this lawsuit is related to a suit filed by Plaintiff and against Defendants in 2006. *See* Notice of Removal at p.3. However, this case is not related to the previous lawsuit.  "[V]irtually all federal courts" have adopted the transactional approach to determine whether two suits involve the same cause of action. Wright & Miller, Federal Practice and Procedure, Definition of Claim or Cause of Action, 18 F.P.P. § 407 (2008) (transactional approach is "the predominant federal rule"). *See Waldman v. Village Kiryas Joel*, 207 F.3d 105 (2nd Cir. 2000); *U.S. ex rel. Barajas v. Northrop Corp.*, 147 F. 3d 905, 910-911 (9th Cir. 1998).

The "transactional" approach examines whether a claim arises from the "same nucleus of facts" as a previous claim. *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984). Even Defendant concedes in its Motion to Dismiss that "[i]t is the factual nucleus . . . which operates to constitute the cause of action for claim preclusion purposes." *Stutsman v. Kaiser Found. Health Plan of Mid-Atlantic States, Inc.*, 546 A.2d 367, 369-70 (D.C. Cir. 1988). Defendant's Motion to Dismiss (filed in the Superior Court) at p. 10. "Federal law is clear that post-judgment events give rise to new claims, so that claim preclusion is no bar." *Stanton v. District of Columbia Court of Appeals*, 127 F.3d 72, 78 (D.C. Cir. 1997). And "[claim preclusion] does not bar parties from bringing claims based on material facts that were not in existence when they brought the original suit." *Apotex, Inc. v. Food & Drug Admin. et al.*, 393 F.3d 210, 218 (D.C. Cir. 2004).

The complaint filed in the original *Klayman v. Judicial Watch* case on April 12, 2006, many years ago, involved nine (9) counts ranging from fraudulent misrepresentation to specific performance. The thrust of the complaint prayed for the court to enter judgment against Judicial Watch to specifically perform the terms of the Severance Agreement by: paying Klayman the remaining amounts due under the Severance Agreement, including reimbursing Klayman for business expenses; returning Klayman's personal items, property and artwork; returning the property of Klayman & Associates, P.C.; removing Klayman as a guarantor of all credit card accounts; removing Klayman as a guarantor for the Building; providing Klayman access to documents; and otherwise complying with the Severance Agreement.  In all counts but two, Klayman requested damages against the defendants.

By contrast, the events underlying the instant complaint took place eight (8) years after the first action had been filed and are therefore are not legally related to the instant suit before

this Court. See *Drake*, 291 F.3d at 66. Specifically, the instant complaint alleges that Judicial

Watch materially defamed Plaintiff Klayman with malice arising from an event that took place

on or about February 22, 2012, six (6) years *after* the original complaint was filed. On June 10,

2014, a jury awarded Plaintiff compensatory and punitive damages because of Defendant's

malicious defamatory actions.

Defendant thus mistakenly characterizes the two lawsuits here as arising out of the same

operative facts. On the contrary, the instant complaint focuses on the Defendant's actions on or

about February 22, 2012, facts that did not even exist at the time of the original action

challenging Defendant's behavior for other violations of the Severance Agreement. As such,

there are no prior cases related to this case.

F.  <u>This Court Should Respectfully Award Plaintiff For The Costs Incurred As A Result Of The Removal</u>

"An order remanding the case may require payment of just costs and actual expenses,

including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). *See Morris v.*

*Bridgestone/Firestone, Inc.*, 985 F.2d 238 (6th Cir. 1993) (Removal followed by remand

warrants an award of attorney's fees); *Gray v. New York Life Ins. Co.*, 906 F.Supp. 628 (N.D.

Ala.)(good faith is no defense to a 28 U.S.C. § 1447(c) fee claim). Plaintiff was forced to

respond to Defendant's defective -- if not frivolous under 28 U.S.C. § 1441 (b)(2) -- Notice of

Removal and is entitled to reasonable attorney's fees and costs associated with this Motion.

Defendant was so anxious to have this case heard before the Honorable Colleen Kollar-

Kotelly that it attempted to mislead this Court by flouting much less failing to mention the

"forum defendant rule," 28 U.S.C. § 1441 (b)(2).  This rule is so basic to the understanding of

diversity jurisdiction that it is taught to first year law students. That Defendant failed to mention

or even follow 28 U.S.C. § 1441 (b)(2) is a sign of bad faith on the part of Defendant. For this

reason, this Court should respectfully award attorney's fees and costs for having to file this motion for remand.  Yet even if Defendant's attempt to remove this case was done in good faith, which it is not clear that it was, Plaintiff should still be awarded attorney's fees and costs for having to file this unnecessary motion.

## <u>CONCLUSION</u>

For the foregoing reasons, it is clear that Defendant wrongly and inappropriately filed a notice of removal in this Court.  Plaintiff sought only equitable relief – the rescission of a contract – and as such the threshold for diversity jurisdiction, a controversy exceeding $75,000, has not been met.  **Further, even if this threshold was met, which it was not, removal to federal court was frivolous pursuant to the "forum defendant rule," 28 U.S.C. § 1441 (b)(2).**  Further, even if diversity jurisdiction was proper, which it is not, Defendant waived its right to remove this case when it consented to the Severance Agreement with Plaintiff stating that venue would be proper in any District of Columbia Court.  As such, this Court must respectfully give deference to Plaintiff's choice of venue and remand this case to the District of Columbia Superior Court.  Finally, this Court must respectfully grant attorney's fees and costs to Plaintiff pursuant to 28 U.S.C. § 1447(c).

Dated:  February 12, 2015

Respectfully Submitted,

 /s/ *Larry Klayman*
Larry Klayman, Esq.
D.C. Bar No. 334581
2020 Pennsylvania Ave. NW, Suite 800
Washington, DC 20006
Tel: (310) 595-0800
Email: leklayman@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 12th day of January, 2015 a true and correct copy of the foregoing Motion for Remand (Civil Action No. 1:15-cv-00214) was filed electronically using CM/ECF to the U.S. District Court for the District of Columbia and served upon the following:

Via CM/ECF:

Richard W. Driscoll, Esq. (436471)
300 N. Washington Street, Suite 610
Alexandria, VA 22314
Telephone: 703-822-5001
Facsimile: 703-997-4892
Email: rdriscoll@driscollseltzer.com

*Counsel for Defendant Judicial Watch*

 /s/ *Larry Klayman*
Larry Klayman, Esq.
D.C. Bar No. 334581
2020 Pennsylvania Ave. NW, Suite 800
Washington, DC 20006
Tel: (310) 595-0800
Email: leklayman@gmail.com