UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LARRY KLAYMAN,**<br><br>Plaintiff,<br><br>v.<br><br>**JUDICIAL WATCH**<br><br>Defendant. | Civil Action No: 1:15-cv-00214 |

**DEFENDANT JUDICIAL WATCH'S OPPOSITION
TO PLAINTIFF'S MOTION FOR REMAND**

Defendant Judicial Watch, Inc. ("Defendant"), by undersigned counsel, hereby submits this Opposition to Plaintiff's Motion for Remand.

**INTRODUCTION**

Judicial Watch's removal of this action from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia is based on compliance with the law and a factually reasonable basis. Klayman and Judicial Watch have diversity of citizenship. This action also satisfies the threshold amount in controversy required under 28 U.S.C. § 1332(a) because the value of the contract at issue is greater than $600,000. Well-established law holds that the amount in controversy for rescission of a contract is the amount of consideration received under the contract.

Pursuant to the express terms of the contract at issue, Klayman consented to this Court's jurisdiction, thereby waiving the right to object to removal. Here, Klayman consented to this Court's jurisdiction in advance. He waived the "forum defendant rule". Therefore, the Notice of Removal was proper and the Motion to Remand must be denied.

I. **THE DISTRICT COURT HAS JURISDICTION OVER THIS LITIGATION.**

Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over this case because "the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different States".

    A.    **In a Rescission Action, the Matter in Controversy is the Value of the Contract.**

Where the complaint in an action seeks equitable, rather than legal remedy, the amount in controversy is determined by the "value of the object of the litigation." *Busby v. Capital One, N.A.,* 932 F.Supp.2d 114, 132 (D.D.C. 2013) (*citing Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977)). "In assessing whether a complaint meets the jurisdictional threshold, courts look to either the value of the right the plaintiff seeks to enforce or the cost to the defendants to remedy the alleged denial of that right." *Id*. (*citing Smith v. Washington*, 593 F.2d 1097, 1099 (D.C. Cir. 1978)). "[W]here . . . the relief sought is a declaration of the validity or invalidity of a contract, the value of the contract determines the amount in controversy for the purposes of determining jurisdiction." *Hartford Acci. & Indem. Co. v. Northwest Nat'l Bank*, 228 F.2d 391, 402 (7th Cir. 1955).

Klayman's contention that a complaint for equitable relief fails to meet the jurisdictional threshold for the amount in controversy is not supported by any authority. The two cases cited by Plaintiff merely stand for the principle that rescission is a claim in equity. These cases have absolutely no relationship to the issue of removal and do not even address the topic. *See Solin v. Domino*, 501 Fed. Appx. 19, 22 (2d Cir. 2012) (rescission of annuity contract; no removal issue addressed); *Palace Exploration Co. v. Petroleum Dev. Co.*, 316 F.3d 1110, 1116 (10th Cir. 2003) (denial of motion to amend pretrial order; no removal issue addressed).

In the present action, Klayman seeks rescission of the Agreement, under which he received $600,000 as consideration.[1] *See* Pl.'s Mot. Remand, Ex. 1 at ¶¶ 2, 6. Therefore, this case substantially exceeds the threshold for the matter in controversy.

### B. Klayman and Judicial Watch Have Diversity of Citizenship.

In his Complaint, Klayman expressly alleges that he is a citizen of Florida and that Judicial Watch is a citizen of the District of Columbia. *See* Complaint at ¶¶ 2 and 3. In fact, Klayman concedes this element of jurisdiction. *See* Pl.'s Mot. Remand at p. 1. Therefore, the parties have diversity.

## II. REMOVAL IS APPROPRIATE BECAUSE THE FORUM DEFENDANT RULE DOES NOT APPLY IN THIS CASE

Unlike jurisdiction, removal is a procedural right and "defects in the removal process" can be waived so long as federal jurisdiction exists. *Taghioskoui v. George Washington Univ.*, 2013 U.S. Dist. LEXIS (D.D.C. May 28, 2013) (noting that the "'forum defendant rule'" is procedural, not jurisdictional" and "may be waived by mutual agreement of the parties")); *Kim v. Nat'l Certification Comm'n for Acupuncture and Oriental Medicine*, 888 F.Supp.2d 78 (D.D.C. 2012); *see also GE Betz, Inc. v. Zee Co.*, 718 F.3d 615, 625 (7th Cir. 2003) ("non-compliance with the forum-defendant rule is a statutory, not a jurisdictional, defect"); *Councell v. Homer Laughlin China Co.*, 823 F.Supp.2d 370, 378 (N.D.W. Va. 2011) (Citing nine out of ten circuits that "have found that removal by a forum defendant is a procedural defect, and is thus waivable."); *see also Courtney v. BLP Mobile Paint Mfg. Co.*, No. CIV.A. 12-0318-WS-C, 2012 WL 5869120, at *1-2 (S.D. Ala. 2012) (citing 18 cases from 7 different circuits courts and 10 different district courts).  In this case, perusal of the Severance Agreement demonstrates that the

---

[1] In essence, Klayman concedes that the value of the Severance Agreement is $600,000, as he asserts in his Opposition to the Motion to Dismiss as follows: "Plaintiff Klayman fully intends to return the $600,000 that the Severance Agreement provided him." Plaintiff's Opp. to Mot. Dismiss at p. 13 (Docket No. 5).

Parties waived any procedural defect associated with removal, including the "forum defendant rule".

By agreeing to the forum selection clause in the Confidential Severance Agreement, Klayman waived his right to object to this Court's jurisdiction based on the forum defendant rule and consented to disputes being resolved in this Court when jurisdiction exists. In relevant part, the Agreement reads:

> The Parties consent to the *jurisdiction and venue of any state or federal court* located within the District of Columbia *in any action or judicial proceeding* brought to enforce, construe or interpret this Agreement

Complaint, Ex. 1 at ¶ 23 (emphasis added). As drafted, the contract's forum selection clause is permissive, meaning that it does not mandate jurisdiction in a particular court, but memorializes the Parties' consent to venue and jurisdiction in *either D.C. federal court or D.C. Superior Court*. The contract language does not limit which District of Columbia court can resolve any dispute when both courts have jurisdiction. On the contrary, it is an express agreement between the parties that acknowledges the jurisdiction of either court. Therefore, Plaintiff consented to the Court's jurisdiction and gave up his right to object to removal by expressly agreeing to proceed in this Court when jurisdiction exists.[2]

Klayman erroneously asserts that the forum selection provision constitutes a waiver by Judicial Watch of the right to remove a case to federal court. This argument attempts to characterize the clause as mandatory, requiring jurisdiction to be in the Superior Court. This misconstrues the effect of a permissive clause. *See Carmen Group, Inc. v. Xavier Univ. of La.*, 2014 U.S. Dist. LEXIS 61644 (D.D.C. May 5, 2014) (recognizing that a permissive forum selection clause does not waive the right of removal). In addition, Klayman ignores the plain

---

[2] Klayman asserts that as plaintiff he may dictate the choice of forum. This position cannot apply here because it ignores the forum selection clause in the Severance Agreement and violates the principle of mutuality.

language of the contract and well-established law. In the District of Columbia, courts are required to follow the cardinal interpretive principle for a contract, which is "to give meaning to all of its provisions and to render them consistent with each other." *United States v. Insurance Co. of North Am.*, 83 F.3d 1507, 1511 (D.C. Cir. 1996). Applying this principle, the only proper interpretation is that both Klayman and Judicial Watch consent to jurisdiction in state *and* federal courts for "*any action or judicial proceeding*" relating to the contract. Complaint, Ex. 1 at ¶ 23. There is no dispute that in any action filed against Klayman in Superior Court, he will have the right to remove the litigation to federal court. Notwithstanding this, Klayman asserts that Judicial Watch waived this right even though the language of the contract does not distinguish between Judicial Watch and Klayman. This position violates the principle of mutuality. The plain language is consent to jurisdiction by both parties for "*any action*" relating to the Agreement. Klayman cannot contort the contract to discriminate against Judicial Watch. There is no basis, textual or legal, to assert that Judicial Watch waived its right to removal.

Far from being a waiver of Judicial Watch's right to removal, the provision demonstrates that Klayman agreed to resolve any dispute arising from the severance agreement in either this Court or in the Superior Court. Therefore, he consented to removal.

III. **KLAYMAN IS NOT ENTITLED TO AN AWARD OF COSTS BECAUSE THE REMOVAL IS PROPER, BASED ON EXPRESS CONTRACTUAL LANGUAGE AND OBJECTIVELY REASONABLE GROUNDS**

An award for costs and attorney's fees "is not automatic, or even presumptive", but is left to the discretion of the district court. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136-40, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* at 141. *See also Knop v. Mackall*, 645 F.3d 381, 382 (D.C. Cir. 2011) (finding the

argument that the corporation in a shareholder derivative suit is only a nominal defendant and does not count for purposes of 28 U.S.C. § 1441(b) is "at least reasonable); *Falconi-Sachs v. LPE Senate Square*, LLC, 963 F.Supp.2d 1, 2 (D.D.C. 2013) (awarding costs and attorney's fees where the plaintiff sought money damages unambiguously less than $75,000); *Mostofi v. Network Capital Funding Corp.*, 798 F.Supp.2d 52, 56-67 (D.D.C. 2011) (finding that defendant's reading of the complaint that disgorgement claims could be aggregated was not unreasonable.).

As demonstrated *supra*, the Court has jurisdiction of this dispute and Klayman has expressly consented to that jurisdiction in the Severance Agreement. In addition, the parties are not unknown to the Court as they have been involved in a related litigation pending before the Honorable Colleen Kollar-Kotelly since 2006. Indeed, Klayman seeks rescission of the Severance Agreement is both cases. Under these circumstances, Judicial Watch's removal effort is proper and objectively reasonable. Judicial Watch acted in good faith, exercising its right to removal under the Severance Agreement and thereby facilitating efficiency and simplicity by litigating two similar actions in the same court before the same judge.

Respectfully Submitted,

/s/ Richard W. Driscoll
_____
Richard W. Driscoll, Esp. (VSB No. 43469)
Driscoll & Seltzer, PLLC
300 N. Washington St., Suite 610
Alexandria, VA 22314
Telephone: 703-822-5001
Facsimile: 703-997-4892
Email: rdriscoll@driscollseltzer.com

*Counsel for Defendant
Judicial Watch, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of February 2015, a true copy of the foregoing Opposition was served by electronic means pursuant to the Court's filing system:

>Larry Klayman, Esq.
>2520 Coral Way, Suite 2027
>Miami, FL 33145
>Tel: (310) 595-0800
>Email: leklayman@gmail.com

>/s/ Richard W Driscoll
>_____
>Richard W. Driscoll