## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY KLAYMAN,<br>          Plaintiff<br><br>          v.<br><br>JUDICIAL WATCH, INC.,<br>          Defendant | Civil Action No. 15-214 (CKK) |

## MEMORANDUM OPINION
(May 4, 2016)

More than ten years ago, Plaintiff Larry Klayman entered into a severance agreement with Defendant Judicial Watch. In this action, originally filed in the District of Columbia Superior Court, Plaintiff alleges that Defendant Judicial Watch materially breached the severance agreement and, as a result, he seeks to rescind that severance agreement. Defendant removed the case to this Court, and Plaintiff now seeks for the case to be remanded to the Superior Court. Before the Court is Plaintiff's [4] Motion for Remand. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court GRANTS IN PART and DENIES IN PART Plaintiff's [4] Motion for Remand. The Court REMANDS this case to the D.C. Superior Court but DENIES Plaintiff's request for attorney's fees.

### I. BACKGROUND

The Court recites only the limited background necessary for the Court's resolution of the Motion for Remand currently before the Court.

---

[1] The Court's consideration has focused on the following documents:
- Pl.'s Mot. for Remand ("Pl.'s Mot."), ECF No. 4;
- Def. Judicial Watch's Opp'n to Pl.'s Mot. for Remand ("Def.'s Opp'n"), ECF No. 7; and
- Pl.'s Reply to Def. Judicial Watch's Opp'n to Pl.'s Mot. for Remand ("Pl.'s Reply"), ECF No. 8.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

On September 19, 2003, Plaintiff Larry Klayman entered into a severance agreement with Defendant Judicial Watch. Compl. ¶ 14. As relevant with respect to the Motion for Remand now before the Court, the severance agreement includes a forum selection clause. Under the heading of "Choice of Law; Consent to Venue and Jurisdiction," the parties agreed to the following:

> The Parties consent to the jurisdiction and venue of any state or federal court located within the District of Columbia in any action or judicial proceeding brought to enforce, construe or interpret this Agreement or otherwise arising out of or relating to Klayman's employment.

Compl., Ex. 1 (Confidential Severance Agreement) ¶ 23. The parties dispute the legal effect of this clause with respect to the pending motion as discussed below.

Plaintiff now seeks to rescind the severance agreement based on an allegation that an officer of Judicial Watch defamed Plaintiff in violation of the severance agreement. *See id.* ¶¶ 15-21. Plaintiff filed his suit in the District of Columbia Superior Court, and Defendant removed it to this Court. Plaintiff promptly filed a Motion for Remand to the Superior Court, which is now before the Court.

## II. DISCUSSION

Plaintiff Larry Klayman argues that this case should be remanded to the Superior Court for several reasons. First, Plaintiff argues that this Court does not have diversity jurisdiction over this case because the amount in controversy requirement has not been met. Second, Plaintiff argues that removal is improper under 28 U.S.C. § 1441(b)(2) because Defendant is a citizen of the forum state, the District of Columbia. Third, Plaintiff argues that Defendant waived its right to remove this case to this Court pursuant to the severance agreement between the parties. The Court reviews these arguments in turn and concludes that it is necessary to remand this case to the Superior Court. Finally, the Court concludes that, even though remand is proper, Plaintiff's request for attorney's fees is not warranted.

2

**A.  The Amount in Controversy is Satisfied**

For a federal court to exercise diversity jurisdiction, the parties must be citizens of different states and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). Plaintiff argues that this case does not satisfy those requirements because he is seeking only equitable relief. Defendant responds that, in an action seeking rescission, the amount in controversy is the value of the contract, which exceeds $75,000. The Court agrees with Defendant.

As a general matter, the amount in controversy in declaratory relief or injunction cases is measured by the value of the object of the litigation. *Hunt v. Wash. State. Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977) (citing cases). In assessing whether a complaint meets the jurisdictional threshold, courts look to either the value of the right the plaintiff seeks to enforce or the cost to the defendants to remedy the alleged denial of that right. *Smith v. Washington,* 593 F.2d 1097, 1099 (D.C.Cir.1978) (internal citations omitted). In this case, Plaintiff seeks to rescind the severance agreement between the parties under which he received $600,000. *See* Pl.'s Opp'n to Mot. to Dismiss, ECF No. 5, at 13. For that reason, this action satisfies the amount in controversy necessary for the Court to exercise diversity jurisdiction over this case. The parties agree that they are citizens of different states—Klayman of Florida and Judicial Watch of the District of Columbia. Therefore, this action meets the jurisdictional requirements of 28 U.S.C. § 1332(a).

**B.  The Forum Defendant Rule Is Not Jurisdictional**

Next, Plaintiff argues that removal is improper because of the "forum defendant rule." Under the forum defendant rule, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest

3

properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The parties do not dispute that this action was removed on the basis of diversity jurisdiction and that Defendant Judicial Watch is a citizen of the forum state, the District of Columbia. However, Defendant argues that the forum defendant rule does not apply because, first, it is not a jurisdictional rule and, second, Klayman waived his right to object to this Court's jurisdiction by virtue of the forum selection clause in the parties' severance agreement.

The Court first considers whether the forum defendant rule is a jurisdictional rule. While the D.C. Circuit Court of Appeals has not yet resolved this issue, other district judges in this District have concluded that this rule is not jurisdictional. *See, e.g., Sae Young Kim v. Nat'l Certification Comm'n for Acupuncture & Oriental Med.*, 888 F. Supp. 2d 78, 82 (D.D.C. 2012) (forum defendant rule is waivable non-jurisdictional rule); *Taghioskoui v. George Washington Univ.*, No. CIV. 12-1740 RJL, 2013 WL 2371248, at *1 (D.D.C. May 28, 2013). Similarly, numerous other Circuit Courts have come to the same conclusion. *See Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006) (concluding that forum defendant rule is waivable, nonjurisdictional rule and citing cases). The Court agrees with the near-consensus of other courts that the forum defendant rule is not jurisdictional and that it is waivable. Therefore, absent a waiver by Plaintiff, it is proper for him to seek remand based on the forum defendant rule. The remaining question with respect to this rule is whether, in this case, Plaintiff has waived his right to rely on this rule to seek remand. For the sake of clarity, the Court first considers Plaintiff's argument that *Defendant* has waived the right to remove the case to this Court (through the forum selection clause) and then returns to Defendant's argument that *Plaintiff* has waived his ability to rely on the forum defendant rule (also through the forum selection clause).

**C.  Defendant Has Not Waived Its Right to Remove**

Plaintiff's next argues that Defendant waived its right to remove this case from the D.C. Superior Court to this Court as a result of the forum selection clause in the severance agreement. Defendant argues that a permissive forum selection clause, such as the one in the severance agreement, does not waive the right of removal.

While the D.C. Circuit has not delineated the circumstances in which a forum selection clause waives a party's right of removal, courts from other jurisdictions have often analyzed this issue by "classify[ing] forum selection clauses as either mandatory or permissive." *Carmen Grp., Inc. v. Xavier Univ. of Louisiana*, 41 F. Supp. 3d 8, 11-12 (D.D.C. 2014) (citing cases). "Mandatory clauses that require the parties to litigate exclusively in a particular state court ordinarily are held to waive the right of removal." *Id.* at 12 (citing cases). "Permissive provisions on the other hand—which 'authorize[ ] jurisdiction in a designated forum but d[o] not prohibit litigation elsewhere[,]'—generally do not waive the right to remove." *Id.* (quoting *Global Satellite Commc'n Co. v. Starmill U.K. Ltd.,* 378 F.3d 1269, 1272 (11th Cir. 2004)) (alterations in original). Another district judge in this district adopted this analysis and concluded that a mandatory forum selection clause waived a defendant's right to remove. *See id.* The Court finds this analysis that has been adopted by numerous other federal courts, including at least one district judge from this district, to be persuasive.

The forum clause in the severance agreement between the parties in this case states, in relevant part:

> The Parties consent to the jurisdiction and venue of any state or federal court located within the District of Columbia in any action or judicial proceeding brought to enforce, construe or interpret this Agreement or otherwise arising out of or relating to Klayman's employment.

Compl., Ex. 1 (Confidential Severance Agreement) ¶ 23. Through this clause, both parties consent to venue and jurisdiction in *any* state or federal court within the District of Columbia, that is, the D.C. Superior Court and this Court, the United States District Court for the District of Columbia. However, the clause does not limit the parties to bringing suit in only those courts. In other words, this is a permissive forum selection clause. The Court concludes that the defendant has not waived its right to remove by agreeing to jurisdiction in this Court and in the Superior Court through the forum selection clause in the severance agreement. In sum, the Court agrees with Defendant that it has not waived its right to remove this case from the Superior Court to this Court.[2] However, this conclusion does not necessarily mean that this case is properly heard by this Court. The Court next analyzes whether *Plaintiff* has waived his right to rely on the forum defendant rule to have this case remanded to the Superior Court.

**D.  Plaintiff Has Not Waived his Right to Remand**

Having concluded that Defendant has not waived its right to remove this case to this Court, the Court now returns to Plaintiff's argument that this case is not properly before this Court because he is entitled to rely on the forum defendant rule in seeking remand to the D.C. Superior Court. Above, the Court concluded that forum defendant rule—the rule that a defendant that is a citizen of the forum may not remove a case to federal court, *see* 28 U.S.C. § 1441(b)(2)—is not jurisdictional and therefore is waivable. The question the Court now

---

[2] Defendant also argues that forum selection clause cannot mean that Judicial Watch waived its right to remove because, it says, Klayman claims a right to remove a suit filed against him. However, the premise of this argument does not appear to be true. Judicial Watch has not pointed to where Klayman states that he would have a right to remove, and the Court cannot find such a statement. In any event, the Court cannot ignore the plain language of the forum selection clause, which does not waive the parties' removal rights, implicitly or explicitly.

addresses is whether Plaintiff has, through the forum selection clause, waived his right to seek remand based on that rule.

The parties do not point to any cases that consider in what circumstances a forum selection clause constitutes a waiver of the forum defendant rule, nor has the Court been able to locate any such cases. However, the analysis above regarding whether Defendant waived its right to remove sheds light on this question as well. Just as a permissive forum selection clause does not have the effect of waiving a party's right to remove, the Court concludes that a permissive forum selection clause does not waive a party's right to remand based on the forum defendant rule. Through the forum selection clause at issue in this case, the parties have simply consented to a dispute being resolved in one of the courts in the District of Columbia, including this Court and the D.C. Superior Court. But they have not limited jurisdiction to one or both of those courts. Absent explicit language to the contrary, the Court does not consider Plaintiff to have waived his right to remand. *Cf. Carmen Grp.*, 41 F. Supp. 3d at 12 (permissive forum selection clause does not waive right to remove). Ultimately, then, Plaintiff is able to rely on the rule that a civil action removed on the basis of diversity jurisdiction, like this case, "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Because Defendant is a citizen of the District of Columbia, the forum in which this Court sits, the Court grants Plaintiff's request to remand this case to the Superior Court.

The Court's interpretation of forum selection clause—with respect to removal and with respect to remand—comports with the apparent purpose of that clause. The parties sought to ensure that a dispute between them relating to the severance agreement could be heard in one of the courts in the District of Columbia, and granting the motion to remand gives effect to that

intent. They are not left without options. Indeed, the parties are able to litigate this case in the

D.C. Superior Court, to which each party previously consented in the severance agreement. The

Court notes that both parties are legally knowledgeable parties and, if they had wished to include

a waiver of the right to remove or a waiver of the right to remand based on the forum defendant

rule, they could have easily done so explicitly. Absent such a waiver, the background rules

governing diversity jurisdiction require this Court to give effect to Plaintiff's request to remand

this case to the Superior Court.[3]

## E.  Attorney's Fees

When granting a motion to remand, a district court may, in its discretion, award

attorney's fees pursuant to 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may

award attorney's fees under § 1447(c) only where the removing party lacked an objectively

reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists,

fees should be denied." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). The Court

concludes that Defendant had an objectively reasonable basis to remove this case from the

Superior Court. As described fully above, the Court concludes that Defendant is correct with

respect to several of the issues raised by Plaintiff, including the conclusion that this action

satisfies the amount in controversy requirement and that Plaintiff has not waived his right to

remove. It is particularly important that the Court has concluded that the forum defendant rule is

not a jurisdictional barrier and that it was necessary for the Court to interpret the forum selection

clause in the parties' 2003 severance agreement in order to determine whether remand was

warranted. Indeed, had Plaintiff not chosen to seek remand based on the forum defendant rule,

---

[3] The parties dispute the extent to which this case is related to *Klayman v. Judicial Watch*, 06-cv-670, which is pending in this Court. The Court need not address that issue because of the Court's conclusion that remand is required based on the forum defendant rule.

this action would be properly before this Court. As a final matter, the Court notes that the United States Court of Appeals for the D.C. Circuit has not yet definitively resolved some of the issues that the Court has addressed in resolving the pending motion, further foreclosing the conclusion that there was no objectively reasonable basis for Defendant to seek removal of this case to this Court. For all of these reasons, the Court concludes, in its discretion, that an award of attorney's fees to Plaintiff is not warranted.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's [4] Motion to Remand is GRANTED IN PART and DENIED IN PART. The Court REMANDS this case to the D.C. Superior Court but DENIES Plaintiff's request for attorney's fees. An appropriate Order accompanies this Memorandum Opinion.

Dated: May 4, 2016

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge